UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARICA CONSULTING & CONTRACTING, INC., | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) Civil Action No.: <br> ) 1:07-cv-01661-EGS |
| GOEL CONSTRUCTION SERVICES, INC., | ) Judge Emmet G. Sullivan <br> ) |
| *Defendant*. | ) <br> ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO THE
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant Goel Services, Inc., f/k/a Goel Construction Services, Inc. (collectively referred to as "Goel"), by counsel, for its Reply to the Opposition of Plaintiff Arica Consulting & Contracting, Inc. ("Arica") to Defendant's Motion to Set Aside Entry of Default, states as follows:

**INTRODUCTION**

On September 20, 2007, Arica filed the present lawsuit claiming sums allegedly due for work performed on a construction project located in Maryland (the "Project"). Arica attempted to obtain service of process on Goel by serving the Mayor of the District of Columbia pursuant to D.C. Code § 29.101-12(b). Arica did not serve, nor even attempt to serve, Goel's registered agent. On January 14, 2008, the Clerk entered a default against Goel.

Goel was unaware of the lawsuit until it received a copy of the Affidavit in Support of Default on January 15, 2008. Upon receiving the Affidavit, Goel retained counsel and filed a Motion to Set Aside Entry of Default on January 17, 2008. Goel's motion was based on two points: (1) service of process on the Mayor was ineffectiver because Goel maintained a

registered agent in the District of Columbia that Arica did not even attempt to serve; and (2) there is "good cause" to set aside the default because Goel acted promptly to set aside the default, the default was not willful, Arica would not be prejudiced if the default was set aside, and Goel had a meritorious defense to Arica's claims. Arica's Opposition responds by arguing that service was proper, that Arica would be prejudiced if the Court sets aside the entry of default, and that Goel does not have a meritorious defense to Arica's lawsuit.

## ARGUMENT IN REPLY

**I.    Arica's service of the Mayor of the District of Columbia was improper because Arica failed to exercise due diligence in attempting to serve Goel and in attempting to locate Goel's actual registered agent.**

Under D.C. Code § 29-101.12(b), substitute service on the Mayor is only permitted for a corporation that has a registered agent if the Plaintiff first uses due diligence in locating the corporation's registered agent. "Due diligence is a standard of reasonableness, *i.e.* that reasonable diligence is the diligence that is due." *Bouknight v. United States*, 867 A.2d 245, 255 (D.C. 2005) (*citing United States v. Locke*, No. 96 CR 290-12, 1999 WL 558130, at *10 (N.D.Ill. July 20, 1999)). Arica argues that it met this standard because it attempted to serve Goel at Goel's old Washington, DC office and was unable to locate a registered agent for "Goel Construction Services, Inc." Arica does not dispute that it received a change order to the subcontract for this Project which advised Arica of both Goel's name change to "Goel Services, Inc." and Goel's new office location. *See* Affidavit of P.J. Goel in Support of Motion to Set Aside Entry of Default ("Affidavit of PJ Goel"), ¶ 4 and Exhibit 3 thereto. This name change was confirmed again by letter dated April 6, 2004 to Arica. *See* Affidavit of PJ Goel, ¶ 5 and Exhibit 4 thereto. Arica's own conduct establishes that it knew of both the name change and the new address. *See* Supplemental Affidavit of P.J. Goel in Support of Motion to Set Aside the

Entry of Default, ¶ 2 and Exhibit 9 thereto (Letter dated July 14, 2004 from Arica to Goel Services at its Maryland address).

Arica made no effort to serve Goel's registered agent. This agent, CT Corporation Systems, is registered agent for numerous corporations and is not difficult to locate. Under D.C. Code § 29-101.12(b), the Mayor can only be the substitute agent for service on corporations that have a registered agent if the registered agent cannot be found. Arica did not even look. Arica did not exercise due diligence—did not undertake the reasonable efforts that a party in these circumstances would have undertaken—in attempting to serve Goel that would trigger the statutory provision making the Mayor a substitute registered agent for service on Goel. The substitute service on the Mayor was not effective and therefore this Court did not have jurisdiction over Goel when it entered the default. The entry of default should be set aside.

**II.    Arica will not be prejudiced if the entry of default is set aside.**

If the Court determines to set aside the entry of default against Goel, Arica will not be prejudiced. When a plaintiff is given an opportunity to proceed on the merits of a case after vacatur of an entry of default, the plaintiff suffers no prejudice. *Reading v. United States*, 506 F.Supp.2d 13, 17-18 (D.D.C. 2007) (*citing Guthery v. United States*, 2007 WL 259940 at *2 (D.D.C. Jan. 30, 2007)). Arica will have the opportunity to prove its claim and this case will be resolved on its merits.

**III.    Goel has asserted a meritorious defense to Arica's claim.**

Goel has asserted that Arica's claim is barred by contract provisions and because portions of Arica's work were rejected by the owner of the Project. The standard for evaluating asserted "meritorious defenses" is not the likelihood of success but whether such defenses contain even a "hint of a suggestion which, if proven, would constitute a complete defense." *Candido v.*

*District of Columbia*, 242 F.R.D. 151, 157 (D.D.C. 2007) (*citing Asia N. Am. Eastbound Rate Agreement v. BJI Indus.*, 900 F.Supp. 507, 511 (D.D.C. 1995)). This standard is inherently low because the Federal courts have a strong policy in favor of the resolution of disputes on their merits and against resolution by default. *See Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980) ("Given the strong policies favoring the resolution of genuine disputes on their merits, an abuse of discretion in refusing to set aside a default judgment need not be glaring to justify reversal"). Arica's disputes as to the meaning of the contract provisions at issue and Goel's defenses shows that there is a genuine dispute in this matter which should be resolved on its merits. The entry of default should be set aside.

## CONCLUSION

Goel was not served with process and did not have the opportunity to file a response to Arica's Complaint. Arica did not use reasonable diligence to properly serve Goel. Given the level of Arica's knowledge about Goel, it appears as though either Arica's left hand did not know what the right hand was doing or Arica was deliberately cloaking itself in ignorance in order to obtain a procedural default against Goel.

Goel has established that there is good cause to set aside the default. Goel filed its Motion to Set Aside Entry of Default within 3 days of entry and within 2 days of learning that it had been entered. There is no dispute that Goel was unaware of these proceedings prior to the entry of default and therefore Goel's failure to answer cannot have been willful. Goel has alleged a meritorious defense to Arica's claim and the dispute between Goel and Arica is one that should be resolved on its merits. Arica will have the opportunity to prove its claims against Goel and will not be prejudiced in any way if the default is set aside.

WHEREFORE, Goel Services, Inc. respectfully requests this Court to enter an order setting aside the entry of default, permitting Goel Services, Inc. to file a response to the Complaint within 20 days of entry of the order setting aside the entry of default, and grant such other and further relief as this Court deems equitable and just.

Date:   February 7, 2008

Respectfully submitted,

GOEL SERVICES, INC., by counsel,

 /s/  David Hilton Wise_____
Paul V. Waters, D.C. Bar No. 368970
paulwaters@waterswise.com
David Hilton Wise, D.C. Bar No. 427796
davidwise@waterswise.com
WATERS & WISE, PLLC
10565 Fairfax Boulevard, Suite 205
Fairfax, Virginia 22030
Tel:    (703) 934-6377
Fax:    (703) 934-6379

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of February, 2008, true copies of the foregoing Reply to Plaintiff's Opposition to the Motion to Set Aside Entry of Default, the Supplemental Affidavit of PJ Goel in Support of the Motion to Set Aside Entry of Default and all exhibits thereto were served by e-filing and first-class mail, postage-prepaid, on the following counsel of record:

    Eric R. Stanco, Esq.
    V. Elizabeth Powell, Esq.
    STANCO & ASSOCIATES
    126 C Street, N.W.
    Washington, D.C. 20001
    *Counsel for Plaintiff Arica Consulting & Contracting, Inc.*

                                        /s/ David Hilton Wise
                                        David Hilton Wise
                                        *Counsel to Goel Services, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARICA CONSULTING & CONTRACTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:07-cv-01661-EGS |
| GOEL CONSTRUCTION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL AFFIDAVIT OF P.J. GOEL IN SUPPORT OF
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Piyush J. Goel hereby states as follows:

1. I am commonly known as P.J. Goel. I am President of Goel Services, Inc. ("Goel"). I am authorized to make this affidavit on Goel's behalf. I am over 21 years of age and make this affidavit based upon my own personal information and knowledge.

2. On July 14, 2004, Goel received a communication from Arica regarding the same project which is the subject matter of this litigation. It was addressed to Goel Services and listed our Maryland office address. A true copy of this communication is attached hereto as Exhibit 9.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Executed on February, 7, 2008 in Washington, the District of Columbia.

_____
Piyush J. Goel

# ARICA CONSULTING & CONTRACTING, LLC

7130 – E Kit Kat Road
Elkridge, MD 21075

Office Phone: (410) 799-7127                                        Fax: (410) 799-7123

#225

July 14, 2004

Goel Services
3027 Hubbard Road, Suite 101
Landover, MD 20785

Attn.:           P.K. Goel

Re:              Perry Point – VA Medical Center
                 Punch list item #184

Dear P.K.:

The V.A. asked, in this punch list item, for Arica to furnish a key cabinet. The punch list item number refers us to specification section 08750-3.3 (attached). As you can see this spec tells us to install a key cabinet where directed by the COTR. It does not say supply the key cabinet, nor does it make nay mention in the specifications or drawings for this project about any criteria regarding a key cabinet; (What size, lockable or not, how much key storage, etc.).

At yesterdays meeting with the V.A., with the following people present, Mr. Kim Algood, Mr. Bill Picking, Mr. Bob Patterson, all of the V.A.; Mr. Ken Morrison, and Mr. Sola Ogunde, representing DCB, and myself representing Arica. Mr. Bill Picking brought up the issue of the key cabinet. I stated to him that Arica would install the key cabinet if it was supplied to us in any location that Mr. Picking decided. Mr. Kim Algood stated that if the key cabinet was not furnished by Arica, that he would get a key cabinet, have it installed and back charge the contract. I explained to Mr. Algood, once again, that Arica would install the key cabinet per the specs. which at that point Mr. Algood stated that the V.A. would take care of the key cabinet and back charge the contract.

If you have any questions or need additional information please feel free to call.

Sincerely,

Joe Haycock
General Manager

EXHIBIT 9